IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| | § | **CASE NUMBER** |
| **v.** | § | **1:99-CR-00104; 1:18-CR-89** |
| | § | **(MAC)** |
| | § | |
| **ANDREW JACKSON** | § § | |

**REPORT AND RECOMMENDATION ON PETITION FOR WARRANT
FOR OFFENDER UNDER SUPERVISION**

Pending are two "Petition(s) for Warrant or Summons for Offender Under Supervision" filed on September 20, 2018 in 1:99-CR-104 and on October 1, 2018 in 1:18-CR-89, alleging that the Defendant, Andrew Jackson, violated his conditions of supervised release. This matter is referred to the undersigned United States magistrate judge for review, hearing, and submission of a report with recommended findings of fact and conclusions of law. *See United States v. Rodriguez*, 23 F.3d 919, 920 n.1 (5th Cir. 1994); *see also* 18 U.S.C. § 3401(i) (2000); E.D. Tex. Crim. R. CR-59.

**I. The Original Conviction and Sentence**

A.    1:99-CR-104

Jackson was sentenced on May 30, 2000, before the Honorable Richard Schell, of the Eastern District of Texas, after pleading guilty to the offense of Assault on a Federal Inmate, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of VI, was 100 to 120 months. Jackson was subsequently sentenced to 115 months' imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus

special conditions to include drug aftercare, and a $100 special assessment.[1]  On April 17, 2017, Jackson's conditions were modified to include a 180 day term of residential reentry center placement.  On October 27, 2017, Jackson's conditions were again modified to include a 180 day term of residential reentry center placement.  On September 19, 2018, this case was reassigned to United States District Judge Marcia A. Crone.

      B.      1:18-CR-89

Jackson is also serving a term of supervised release on case no 1:18-CR-89 (that originated as 2:95CR45 in the Northern District of Texas).  He was sentenced on March 12, 1996 for the offenses of bank robbery involving assault with a dangerous weapon (Count 2) and use of a firearm during and in relation to a crime of violence (Count 3) by the Honorable Mary Lou Robinson in the Northern District of Texas.  These offenses carried a statutory maximum of 25 years for Count 2 and 5 years for Count 3.  The guideline imprisonment range, based on a total offense level of 24 and a criminal history category of IV was 100 to 125 months.  Jackson was subsequently sentenced to 170 months (110 months on Count 2 and 60 months on Court 3 to run consecutively), followed by 4 years of supervised release (4 years on Count 2, and 3 years on Count 3 to run concurrently), subject to the standard conditions of release plus special conditions to include $1,748.58 in restitution and a $100 special assessment.  On September 23, 2016, Jackson completed his period of imprisonment and began service of his term of supervised release.  Terms of his supervised release were modified in accordance with the halfway house placement imposed in 1:18-CR-89.  On October 15, 2018, this case was reassigned to the Honorable Marcia A. Crone.

---

[1] The term of imprisonment imposed in 1:99-CR-104 was ordered to run consecutively to the Defendant's term of imprisonment in 2:95-CR-45 that was transferred to the Eastern District of Texas from the Northern District of Texas and assigned case number 1:18-CR-89.

## II. The Period of Supervision

On September 23, 2016, Jackson completed his period of imprisonment and began service of the supervision term.

## III. The Petition

In both cases, United States Probation filed a Petition for Warrant for Offender Under Supervision raising one allegation. The petition alleges that Jackson violated the mandatory condition of release that required that he shall refrain from possessing or using a controlled substance and shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court.

## IV. Proceedings

On November 6, 2018, the undersigned convened a hearing pursuant to Rule 32.1 of the Federal Rules of Criminal Procedure to hear evidence and arguments on whether the Defendant violated conditions of supervised release, and the appropriate course of action for any such violations.

At the revocation hearing, counsel for the Government and the Defendant announced an agreement as to a recommended disposition regarding the revocation. The Defendant agreed to plead "true" to the first and only allegation that claimed he failed to refrain from possessing or using a controlled substance and submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the court. In return, the parties agreed that he should serve a term of imprisonment of 8 months' imprisonment with a twelve (12) month term of supervised release to follow. These terms shall run concurrently.

## V. Principles of Analysis

According to Title 18 U.S.C. § 3583(e)(3), the court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post-release supervision, if the court, pursuant to the Federal Rules of Criminal Procedure applicable to revocation of probation or supervised release, finds by a preponderance of the evidence that the defendant violated a condition of supervised release, except that a defendant whose term is revoked under this paragraph may not be required to serve on any such revocation more than five years in prison if the offense that resulted in the term of supervised release is a Class A felony, more than three years if such offense is a Class B felony, more than two years in prison if such offense is a Class C or D felony, or more than one year in any other case. The original offense of conviction in 1:99-CR-104 was a Class C felony, therefore, the maximum imprisonment sentence is 2 years. The term may be ordered to run consecutively or concurrently with any term of imprisonment ordered in case 1:18-CR-89. The original offenses of conviction in 1:18-CR-89 are Class B and D felonies, therefore the maximum imprisonment sentence is 3 and 2 years, respectively, which may be ordered to run consecutively or concurrently to any imprisonment sentence ordered in case 1:99-CR-104.

According to U.S.S.G. § 7B1.1(a)[1], if the court finds by a preponderance of the evidence that the Defendant violated conditions of supervision by submitting a positive urine specimen, the Defendant will be guilty of committing a Grade C violation. U.S.S.G. § 7B1.3(a)(2) indicates that upon a finding of a Grade C violation, the court may (A) revoke probation or supervised release;

---

1. All of the policy statements in Chapter 7 that govern sentences imposed upon revocation of supervised release are non-binding. *See* U.S.S.G. Ch. 7 Pt. A; *United States v. Price*, 519 F. App'x 560, 562 (11th Cir. 2013).

or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

U.S.S.G. § 7B1.4(a) provides that in the case of revocation of supervised release based on a Grade C violation and a criminal history category of VI, the policy statement imprisonment range is 8 to 14 months. According to U.S.S.G. § 7B1.3(c)(2), where the minimum term of imprisonment determined under U.S.S.G. § 7B1.4 is more than six months but not more than ten months, the minimum term may be satisfied by (A) a sentence of imprisonment; or (B) a sentence of imprisonment that includes a term of supervised release with a condition that substitutes community confinement or home detention according to the schedule in U.S.S.G. § 5C1.1(e), provided that at least one-half of the minimum term is satisfied by imprisonment.

According to 18 U.S.C. § 3583(h), when a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release. In 1:99-CR-104, the authorized term of supervised release for this offense is not more than 3 years. In 1:18-CR-89, the authorized term of supervised release is 5 and 3 years, respectively, which can be ordered to run consecutively to or concurrently with any supervised release imposed in 1:99-CR-104.

U.S.S.G. § 7B1.3(g)(2) indicates where supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised

release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release.

In determining the Defendant's sentence, the court shall consider:

1. The nature and circumstance of the offense and the history and characteristics of the defendant; *see* 18 U.S.C. § 3553(a)(1);

2. The need for the sentence imposed: to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the Defendant with needed educational or vocational training, medical care, other corrective treatment in the most effective manner; *see* 18 U.S.C. §§ 3553 (a)(2)(B)-(D);

3. Applicable guidelines and policy statements issued by the Sentencing Commission, for the appropriate application of the provisions when modifying or revoking supervised release pursuant to 28 U.S.C. § 994(a)(3), that are in effect on the date the defendant is sentenced; *see* 18 U.S.C. 3553(a)(4); *see also* 28 U.S.C. § 924(A)(3);

4. Any pertinent policy statement issued by the Sentencing Commission, pursuant to 28 U.S.C. § 994(a)(2), that is in effect on the date the defendant is sentenced; *see* 18 U.S.C. § 3553(a)(5); and

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; *see* 18 U.S.C. § 3553(a)(6).

6. The need to provide restitution to any victims of the offense.

18 U.S.C. §§ 3583(e) and 3553(a).

## VI. Application

The Defendant pled "true" to the petition's allegation that he violated a mandatory condition of release by submitting a urine specimen that tested positive for controlled substances. Based upon the Defendant's plea of "true" to this allegation of the Petition for Warrant or Summons for Offender Under Supervision and U.S.S.G. § 7B1.1(a), the undersigned finds that the Defendant violated a condition of supervised release.

The undersigned has carefully considered each of the factors listed in 18 U.S.C. § 3583(e). The Defendant's violation is a Grade C violation, and the criminal history category is VI. The

policy statement range in the Guidelines Manual is 8 to 14 months. The Defendant did not comply with the conditions of supervision and has demonstrated an unwillingness to adhere to conditions of supervision.

Consequently, incarceration appropriately addresses the Defendant's violation. The sentencing objectives of punishment, deterrence and rehabilitation along with the aforementioned statutory sentencing factors will best be served by a prison sentence of 8 months, with a twelve (12) month term of supervised release to follow. This sentence should be imposed in 1:18-CR-89 and 1:99-104, and shall run concurrently with each other.

## VII. Recommendations

The court should find that the Defendant violated the allegation in the petition that he violated a mandatory condition of release by submitting a urine specimen that tested positive for controlled substances. The petition should be granted and the Defendant's supervised release should be revoked pursuant to 18 U.S.C. § 3583. The Defendant should be sentenced to a term of eight (8) months' imprisonment, with a twelve (12) month term of supervised release to follow, to run concurrently.

## VIII. Objections

At the close of the revocation hearing, defendant, defense counsel, and counsel for the government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release, and consenting to the imposition of the above sentence recommended in this report (involving all conditions of supervised release, if applicable). Defendant also waived his right to be present and

speak and have his counsel present and speak before the district court imposes the recommended sentence. Therefore, the court may act on the report and recommendation immediately.

SIGNED this 8th day of November, 2018.

_____
Zack Hawthorn
United States Magistrate Judge